McCarty v. The Bank of New York

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of September, two thousand sixteen.

PRESENT:
>ROBERT A. KATZMANN,
>>*Chief Judge,*
>ROBERT D. SACK,
>PETER W. HALL,
>>*Circuit Judges.*

_____

Janice McCarty,*

       *Plaintiff-Appellant*,

       v.                                15-3184

The Bank of New York Mellon, FKA The Bank of New York as trustee for CWMBS, Inc., CHL Mortgage PassThrough Trust 2006OA5, Mortgage PassThrough Certificates, Series 2006OA5, Recontrust Company N.A., Mortgage Electronic Registration Systems, Inc.,

       *Defendants-Appellees*,

CWMBS, Inc., CHL Mortgage Pass-Through Trust 2006-OA5, Mortgage Pass-Through

---

\* The Clerk of Court is respectfully directed to amend the official caption to reflect the caption indicated here.

Certificates, Series 2006-OA5, The Certificateholders of CWMBS, Inc., CHL Mortgage Pass-Through Trust 2006-OA5, Mortgage Pass-Through Certificates, Series 2006-OA5, Roes, 1-10, Does, 1-10 inclusive, representing a class of unknown persons who claim or have the right to claim an interest in certain real property located in Venice, California,

*Defendants*.

_____

FOR APPELLANT:          Janice McCarty, pro se, Venice, CA

FOR APPELLEES:          Scott Harris Kaiser, Esq., Suzanne M. Berger, Esq., Bryan Cave LLP, New York, NY

Appeal from a judgment of the United States District Court for the Southern District of New York (Torres, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Janice McCarty, proceeding pro se, appeals from the district court's dismissal of her complaint against various financial institutions. Her complaint sought, among other remedies, damages and a declaratory judgment invalidating an assignment that transferred ownership of her residential mortgage loan to defendant Bank of New York Mellon as trustee for a securitized trust (the "Trust"). The district court granted defendants' motion to dismiss McCarty's amended complaint, reasoning primarily that McCarty lacked standing to challenge the assignment.[1] We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the

_____

[1] The district court, in granting defendants' motion to dismiss McCarty's amended complaint, referred to Fed. R. Civ. P. 12(b)(6) (failure to state a claim upon which relief can be granted). At the same time, much of the district court's reasoning concerned McCarty's lack of standing to sue, which, at least as it relates to Article III standing, is properly adjudicated under Fed. R. Civ. P. 12(b)(1) (lack of subject-matter jurisdiction). *See All. For Envtl. Renewal, Inc. v. Pyramid Crossgates Co.*, 436 F.3d 82, 88 n.6 (2d Cir. 2006). However, the issue of how the district court's dismissal is best characterized is not material to this Court's decision to affirm.

issues on appeal.

We review de novo a district court's determination that a plaintiff lacked standing to sue. *See Rajamin v. Deutsche Bank Nat'l Trust Co.*, 757 F.3d 79, 84-85 (2d Cir. 2014). "The question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues[,]" and it implicates both constitutional and prudential limits on the court's jurisdiction. *Id.* at 84 (internal quotation marks and alteration omitted). Here, McCarty lacked both constitutional and prudential standing to challenge either the validity of the assignment of her mortgage loan or the assignment's compliance with laws, regulations, and the Trust's prospectus.

To have standing under Article III of the Constitution, a plaintiff must have suffered "an injury in fact . . . which is (a) concrete and particularized, . . . and (b) actual or imminent, not conjectural or hypothetical." *Id*. at 85 (citation omitted). Upon review, we agree with the district court that McCarty alleged only injuries that are "highly implausible" and "entirely hypothetical," *id.*, and therefore fail to meet the constitutional standing requirements. For example, McCarty's claim that the improper transfer of her debt prevented her from "explor[ing] options with the true debt owner," McCarty Br. at 4, relies on too speculative an injury to serve as a basis for Article III standing. Consequently, we find that McCarty lacked constitutional standing to bring a challenge to Bank of New York Mellon's ownership of her debt based on the alleged invalidity of the assignment.

Moreover, even if McCarty had constitutional standing to challenge the validity of the assignment, she would have lacked prudential standing. The "prudential standing rule . . . normally bars litigants from asserting the rights or legal interests of others in order to obtain relief from injury to themselves." *Rajamin*, 757 F.3d at 86 (citation omitted). To satisfy the prudential

3

standing requirement, "the plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Id.* (citation omitted). McCarty lacks prudential standing to assert her claims against defendants because her theories are largely premised on injuries to third parties, such as intended beneficiaries of the Trust.

McCarty also challenges the district court's denial, with respect to the majority of her claims, of leave to file a Second Amended Complaint. We review such a denial for abuse of discretion. *See In re Lehman Bros. Mortgage-Backed Sec. Litig.*, 650 F.3d 167, 188 (2d Cir. 2011). Here, in light of the issues discussed above, the district court did not abuse its discretion in finding that repleading would have been futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). On appeal, McCarty adduces no arguments to the contrary.

We have considered McCarty's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4